IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A&J MANUFACTURING, LLC, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 19-2009-KHV |
| L.A.D. GLOBAL ENTERPRISES, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On April 27, 2017, A&J Manufacturing, LLC sued L.A.D. Global Enterprises, Inc. in the Southern District of Georgia, alleging patent infringement.[1]  Complaint (Doc. #1).  On January 7, 2019, the Honorable R. Stan Baker transferred the case to this Court.  Order (Doc. #21).  This matter is before the Court on the Notice And Order To Show Cause (Doc. #25), which U.S. Magistrate Judge Teresa J. James filed on April 21, 2020.  For the reasons stated below, the Court dismisses plaintiff's claims without prejudice.

**Procedural Background**

On January 7, 2019, after Judge Baker transferred the case to this Court, the Court's clerk emailed each party's counsel to direct compliance with local pro hac vice requirements.  O'Brien

---

[1] Plaintiff's complaint also asserted claims against Hangzhou Xiaoshan Zhengda Textile Co.  Complaint (Doc. #1).  On January 7, 2019, pursuant to plaintiff's Notice Of Dismissal Without Prejudice (Doc. #17) filed December 10, 2018, the Southern District of Georgia dismissed this defendant.  Order (Doc. #21).

Email (Doc. #23).  As to plaintiff, the clerk emailed attorneys Mark Johnson and Theresa Beaton, who were its attorneys of record in the Southern District of Georgia.[2]  Id.

On April 16, 2020, Judge James' chambers emailed Johnson and Beaton, referencing the clerk's email of January 7, and inquiring about the status of the case.  Neither responded.  On April 21, 2020, Judge James noted that plaintiff's counsel had not satisfied the requirements for out-of-state and pro hac vice counsel.  Notice And Order To Show Cause (Doc. #25).  Judge James therefore ordered that by May 8, 2020, plaintiff had to show good cause in writing to this Court why counsel failed to enter their appearances, and why the Court should not dismiss this case without prejudice for lack of prosecution.  Id.  To date, plaintiff has not responded to Judge James' show cause order.

On May 8, 2020, Judge James' chambers received an email from Lance Reich, who stated that he represented plaintiff.  Reich asserted that plaintiff "intend[ed] to pursue this action and was engaged in settlement talks with the defendant that eventually broke down and the current pandemic has further complicated A&J's finding local counsel."  He concluded that plaintiff "will shortly obtain local counsel," and that he will enter a pro hac vice appearance on plaintiff's behalf.  To date, plaintiff has not notified the Court that it has obtained local counsel, and no attorney has moved for pro hac vice admittance.

## Analysis

Pursuant to Rule 41(b), Fed. R. Civ. P., the Court can dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order.  Young v. United States, 316 F. App'x 764, 771 (10th Cir. 2009); Gross v. Dunn, No. 18-3018-SAC, 2018 WL 5807117, at *1 (D.

---

[2]   The record shows that on December 18, 2018, the Southern District of Georgia granted Beaton's motion to withdraw as plaintiff' counsel.  Order (Doc. #20).  Johnson continued as plaintiff's counsel.  Id.

Kan. Nov. 6, 2018). When the dismissal is without prejudice, "it is well established in this circuit that a district court is not obligated to follow any particular procedures." Young, 316 F. App'x at 772.

Here, the Court dismisses plaintiff's claims without prejudice. On January 7, 2019, Judge Baker transferred the case to this Court, and the clerk immediately notified plaintiff's counsel of their obligations to satisfy local pro hac vice requirements. Since then, the case has remained at a standstill: plaintiff has not notified the Court that it has obtained local counsel, and no attorney has moved for pro hac vice admittance. Given this nearly year-and-a-half hiatus, on April 16, 2020, Judge James' chambers emailed plaintiff's attorneys of record (Johnson and Beaton), referencing the clerk's email from January 7, and inquiring about the status of the case. Neither responded.[3]

On April 21, 2020, Judge James noted that plaintiff's counsel had not satisfied the pro hac vice requirements, and therefore ordered plaintiff to show good cause in writing to this Court why counsel failed to enter their appearances, and why the Court should not dismiss this case without prejudice for lack of prosecution. Notice And Order To Show Cause (Doc. #25). Plaintiff and its counsel again ignored Judge James—this time in the form of a direct court order.

For several reasons, the email from Reich—who is apparently plaintiff's new counsel—does not remedy this violation. First and foremost, Reich has not entered an appearance, and he cannot do so without local counsel. See D. Kan. R. 5.1(d), 83.5.4. Even if Reich could submit pleadings on plaintiff's behalf, however, his email is not a response to Judge James' show cause order—in form or in substance. It appears in an *ex parte* email, which Reich directed to Judge James' chambers—not this Court. See Notice And Order To Show Cause (Doc. #25) ("Plaintiff

---

[3] The Court recognizes that Beaton had previously withdrawn as plaintiff's attorney. See Order (Doc. #20). Johnson explicitly specified, however, that he was still representing plaintiff.

is hereby required to show good cause in writing to United States District Judge Kathryn H. Vratil").

More fundamentally, Reich's email fails to fully address Judge James' order. Specifically, he does not attempt to explain why the Court should not dismiss this case for lack of prosecution. As to why counsel failed to enter appearances, Reich's explanation is both incomplete and unpersuasive. First of all, as best the Court can ascertain, Johnson is still plaintiff's counsel of record. Yet, Reich's email does not mention Johnson, let alone clarify whether he still represents plaintiff. In any event, Reich's email does not explain why Johnson—or any attorney for that matter—has yet to seek pro hac vice admittance after approximately a year and a half.

The Court also finds wholly unpersuasive Reich's explanation that "the current pandemic has further complicated A&J's finding local counsel." Since the Court's clerk first notified plaintiff's counsel of their obligations to satisfy local pro hac vice requirements, they had nearly a year and a half to find local counsel and seek admittance. The Coronavirus Disease-2019 pandemic had nothing to do with their failure to do so, and the pandemic certainly had nothing to do with counsel's failure to respond to Judge James' direct inquiries about the status of the case.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Complaint</u> (Doc. #1) filed April 27, 2017 is **DISMISSED without prejudice**.

Dated this 14th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
